UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LEVOYD REED,<br><br>　　　　　　　　　Petitioner<br>v.<br>CALVIN JOHNSON, et al.,<br><br>　　　　　　　　　Respondents | Case No. 2:20-cv-01181-JAD-NJK<br><br>**Order Dismissing Petition and Denying IFP Application and Pending Motions**<br><br>[ECF Nos. 1 & 1-1, 3, 5] |

　　　　Pro se Petitioner David Levoyd Reed, a Nevada state prisoner, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241,[1] seeking emergency federal review related to his parole revocation and ongoing state criminal case. He also applies to proceed *in forma pauperis* (IFP) and has filed two motions.[2] On initial review under the Rules Governing Section 2254 Cases,[3] I find that this petition is riddled with jurisdictional defects. So I dismiss the petition with prejudice and deny the IFP application and motions as moot.

## Background[4]

　　　　Reed is currently incarcerated on a 2004 amended judgment of conviction in *State v. Reed*, Case No. 03-C-196993. He was released on parole in May 2017 but was arrested four months later and charged with multiple new crimes, triggering a parole-violation hearing before

---

[1] ECF No. 1-1.

[2] ECF Nos. 1, 3, 5.

[3] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[4] This procedural history is derived from Reed's allegations and exhibits, his criminal and post-conviction matters in the Eighth Judicial District Court for Clark County and Nevada appellate courts, and the Nevada Department of Corrections' ("NDOC") records. I take judicial notice of the online docket records of the state district court and appellate courts. The state courts' docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. In addition, I take judicial notice of Reed's sentence status as reported online by NDOC. The inmate-search tool may be accessed by the public online at: https://ofdsearch.doc.nv.gov/.

the Nevada Board of Parole Commissioners.[5]  Reed was initially detained at the Clark County Detention Center ("CCDC"), and the parole violation hearing was rescheduled multiple times.[6] In February 2018, a grand jury returned an indictment charging Reed with 19 felonies in *State v. Reed*, Case No. C-18-329762-1.  The parole board revoked his parole on October 29, 2019.[7] Reed's criminal case remains pending and is scheduled for jury trial in September 2020.

In this petition, Reed alleges that he was not afforded due process in the parole-violation hearing under the Fourteenth Amendment and NRS 213.1517(3).  He claims that the parole revocation improperly forfeited his statutory good-time credits under NRS 209.4465, which would have been deducted from his minimum sentence.  He further alleges that he has not been transported to at least 23 court dates, despite court orders instructing NDOC to produce him. Reed claims that these acts interfere with his access to the courts and impedes his ability to present a defense to the pending charges.  He contends that he was moved from CCDC back to High Desert State Prison as punishment for the new charges and in retaliation for presenting a meritorious Fourth Amendment defense.  Reed has filed multiple motions and petitions for writs of habeas corpus and mandamus relief in the state district court and appellate courts based on the same allegations in this federal petition.[8]  He asserts that this federal district court has the authority to cure the miscarriage of justice by issuing a writ of habeas corpus.

---

[5] ECF No. 1-2 at 13, Oct. 7, 2019, Violation Report.

[6] *Id.* at 5–11, 16.  It's not clear exactly when Reed was moved from CCDC to High Desert State Prison.  He claims he was moved in November 2017, approximately one month after the first scheduled parole revocation hearing and two months after the arrest.  *See* ECF No. 1-1 at 8.

[7] ECF No. 1-2 at 16.

[8] *See* ECF No. 1-2 at 48–98, *Reed v. Williams*, Case No. A-20-809514-W (8th Jud. Dist. Ct.); *Reed v. Eighth Jud. Dist. Ct.*, Case No. 78892 (Nev. Sup. Ct.) (denying petition for writ of mandamus); *Reed v. State*, Case No. 79529 (Nev. Sup. Ct.) (dismissing appeal); *Reed v. Eighth Jud. Dist. Ct.*, Case No. 79624-COA (Nev. Ct. App.) (denying petition for writ of mandamus). *See also* ECF No. 1-2 at 43–46, emergency motion returned unfiled by Clerk of Nevada Supreme Court.

**Discussion**

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[9] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[10] or plagued by procedural defects.[11]

As a threshold matter, I find that Reed improperly filed this petition under 28 U.S.C. § 2241 instead of § 2254. The determination of whether a petitioner must proceed under 28 U.S.C. § 2254, rather than § 2241, is a status inquiry directed to the source of a petitioner's custody rather than the target of his challenge.[12] Reed is in NDOC custody under a 2004 state conviction and sentence. Thus, although a criminal case is pending against him in state district court, § 2254 is the only potential avenue of federal habeas relief.

But even under § 2254, this petition fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition."[13] A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.[14] Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus.[15]

Federal habeas relief is unavailable "for errors of state law."[16] A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question

---

[9] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[10] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[11] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[12] *E.g.*, *Shelby v. Bartlett*, 391 F.3d 1061, 1063–64 (9th Cir. 2004).

[13] *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).

[14] 28 U.S.C. § 2254(a).

[15] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* Black's Law Dictionary (11th ed. 2019) (defining "cognizable" as "Capable of being known or recognized").

[16] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

arises.[17] A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process."[18] In narrow circumstances, a state law may create a constitutionally protected liberty interest if the law (1) sets forth the substantive predicates to govern official decision-making and (2) contains explicitly mandatory language, *i.e.*, a specific directive to the decision-maker that mandates a particular outcome when the substantive predicates have been met.[19]

Although Reed mentions "due process" and the Fourteenth Amendment in the petition, his claims present no federal question because they plainly involve the application or interpretation of state law regarding his parole revocation hearings and the forfeiture of statutory good-time credits.[20] The law affords Nevada prisoners no constitutionally protected liberty interest in parole or parole eligibility[21] or in the accrual and application of statutory good-time credits.[22] Reed's claims are questions of state law and therefore are not cognizable in federal habeas corpus proceedings.[23]

To the extent that Reed seeks relief related to his court access and current housing at High Desert State Prison, his allegations challenge his conditions of confinement and also fall outside of available federal habeas relief. Federal law provides two main avenues to relief on complaints related to incarceration: (1) a petition for habeas corpus;[24] and (2) a complaint under

---

[17] *Estelle*, 502 U.S. at 67–68 (federal courts may not reexamine state court decisions on state law issues).

[18] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

[19] *E.g.*, *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989).

[20] *Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process").

[21] *Moor v. Palmer*, 603 F.3d 658, 662–63 (9th Cir. 2010).

[22] *E.g.*, *Neal v. Hargrove*, 770 F. Supp. 553, 557–58 (D. Nev. 1991); *Cooper v. Sumner*, 672 F. Supp. 1361, 1367 (D. Nev. 1987).

[23] Reed's allegations regarding the parole revocation are also non-cognizable in federal habeas because parole decisions are discretionary, thus, success on the merits of his claim "would not necessarily lead to immediate or speedier release." *See Nettles v. Grounds*, 830 F.3d 922, 934–35 (9th Cir. 2016) (en banc).

[24] 28 U.S.C. §§ 2241, 2254, 2255.

4

the Civil Rights Act of 1871, 42 U.S.C. § 1983.[25]  A state prisoner's claim is cognizable under § 2254 only if it falls within the "core" of habeas.[26]  If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus."[27]  Such claims must be brought—if at all—in a § 1983 complaint.[28]

Reed's petition fails to state a cognizable habeas claim regarding access to the state district court or housing at High Desert State Prison.  If he were to prevail on these claims, he would be returned to CCDC prior to his trial.  Because the requested relief would not lead to his immediate or speedier *release*, these claims do not fall in the core of habeas, and they must be brought, if at all, in a § 1983 complaint.[29]

Additionally, I decline to recharacterize Reed's petition as a § 1983 complaint.  When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead causes of action under § 1983.[30]  However,  habeas petitions and prisoner civil-rights

---

[25] *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement.") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[26] *Nettles*, 830 F.3d at 930.

[27] *Id.* at 931.

[28] *Id.*

[29] *See Rouser v. Sullivan*, 2019 WL 1934483, at *2 (E.D. Cal. May 1, 2019); *Stanhope v. Ryan*, 2017 WL 1163303, at *8 (D. Ariz. Mar. 29, 2017); *Gordon v. Premo*, 757 Fed. App'x 627, 628 (9th Cir. 2019) (unpublished disposition).

I have not completed a review of other potential issues that may arise if Reed files a civil-rights complaint.  This order does not explicitly or implicitly find that a civil-rights complaint would be free of deficiencies, procedural or otherwise.  I also express no opinion regarding the exhaustion of administrative remedies, which is a prerequisite to filing a complaint presenting constitutional claims to the federal courts.  42 U.S.C. § 1997e (Prison Litigation Reform Act or "PLRA"); *Nettles*, 830 F.3d at 932.  But I note that the *Younger* abstention doctrine prevents federal courts from enjoining pending state criminal proceedings, even if there is an allegation of a constitutional violation, absent extraordinary circumstances that create a threat of irreparable injury.  *Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *see also Sprint Commc'ns*, *Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (instructing that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding) (emphasis added).

[30] *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Nettles*, 830 F.3d. at 935–36.

actions "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus."[31]  In this case, Reed's petition is not amenable to conversion on its face because it is not clear that he has named the proper defendant or whether recharacterization would disadvantage him.

Due to the multiple, substantial defects here, I dismiss this improperly commenced action with prejudice.  IT IS THEREFORE ORDERED that:

1. Petitioner David Levoyd Reed's Petition for Writ of Habeas Corpus **[ECF No. 1-1] is DISMISSED with prejudice as non-cognizable**.

2. **A certificate of appealability is DENIED** because jurists of reason would not find the dismissal of the petition to be debatable or wrong.

3. Reed's Application to Proceed *In Forma Pauperis*, Motion to Submit Page 8-E of 10 to Petition, and Motion/Petition for Writ of Habeas Corpus Ad Testificandum **[ECF Nos. 1, 3, and 5] are DENIED as moot**.

IT IS FURTHER ORDERED THAT the Clerk of Court is directed to:

1. MAKE INFORMAL ELECTRONIC SERVICE upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of electronic filing of this order to his office under Rule 4 of the Rules Governing Section 2254 Cases.  No response is required from Respondents other than to respond to any orders of a reviewing court.

2. ENTER FINAL JUDGMENT dismissing this action and CLOSE THIS CASE.

Dated: July 27, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[31] *Nettles*, 830 F.3d. at 935–36 (quotation omitted); *see also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so may be to the prisoner's disadvantage).